IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01708-JLK

COALITION FOR SECULAR GOVERNMENT,  )
a Colorado nonprofit corporation,  )
                                   )
Plaintiff,                         )
                                   )
v.                                 )
                                   )
SCOTT GESSLER,                     )
in his official capacity as Secretary of State, )
                                   )
Defendant.                         )

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Coalition for Secular Government ("CSG"), by and through undersigned counsel, moves this Court for a preliminary injunction enjoining Scott Gessler, in his official capacity as Colorado Secretary of State ("the Secretary"), from enforcing provisions of Colorado's Constitution, Fair Campaign Practices Act ("FCPA"), and the FCPA's implementing regulations which, taken together, appear to require CSG to register as an "Issue Committee." As set forth in the accompanying Memorandum of Law in support of this Motion, if CSG is required to register as an Issue Committee, it will be subject to burdensome registration and reporting requirements that violate its First Amendment right to free speech. Absent an injunction from this Court, CSG reasonably fears that the Secretary will proceed with enforcement of regulations that burden its ability to speak.

CSG does not satisfy "the major purpose" test that the Tenth Circuit requires for an organization to constitute an "Issue Committee."[1] Furthermore, CSG's activities cannot be constitutionally regulated by the state of Colorado for the reasons enumerated in the accompanying Memorandum of Law in support of this Motion. Thus, the Secretary, the official charged with enforcing Colorado's campaign finance laws, cannot regulate CSG as an Issue Committee.

CSG is likely to succeed on the merits of its constitutional claims. Plaintiff would be irreparably harmed if the Secretary forces it to register as an Issue Committee, thereby placing an unconstitutional burden on its First Amendment rights. Moreover, neither the public interest nor Defendant's interest is contrary to the entering of an injunction. Consequently, Plaintiff meets the standard for the issuance of a preliminary injunction, and requests that this Court enter the same.

Respectfully submitted this 13th day of August, 2012.

/s/ Allen Dickerson

Allen Dickerson
Tyler Martinez
Center for Competitive Politics
124 S. West Street, Suite 201
Alexandria, Virginia 22314
Telephone: 703-894-6800
Facsimile: 703-894-6811
adickerson@campaignfreedom.org
tmartinez@campaignfreedom.org

*Counsel for Plaintiff*

---

[1] *Colorado Right to Life Committee, Inc. v. Coffman*, 498 F. 3d. 1137 (10th Cir. 2007).

2