IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **12-cv-1708-JLK-KLM**

**COALITION FOR SECULAR GOVERNMENT, a Colorado nonprofit corporation,**

    Plaintiff,

v.

**SCOTT GESSLER, in his official capacity as Colorado Secretary of State,**

    Defendant.

_____

MEMORANDUM OPINION AND ORDER
_____

KANE, J.

    Plaintiff's requests for preliminary and permanent injunctive relief were consolidated and are set for a full-day trial/hearing tomorrow, Friday, September 21, 2012. Given the unlikelihood proponents of a "personhood" amendment will salvaged for the Colorado state ballot in time for the 2012 election cycle, the impetus for the very expedited timeframe under which this case has been operating has relaxed enough to warrant the more thorough approach afforded by certifying certain important and threshold questions to the Colorado Supreme Court. Accordingly, tomorrow's hearing is VACATED, to be reset at a later date.

    In my September 6th Order staying briefing and ordering a status report (Doc. 25), I asked the parties to address whether the issues in this case are appropriate for certification to the Colorado Supreme Court under Colo. R. App. P. Rule 21.1. After

reviewing the Joint Status Report and the parties' expedited briefs on the merits of the case, I conclude the statutory and rulemaking interpretations necessary to the First Amendment questions presented are uniquely matters of state law and act *sua sponte* to certify them now.

Under Rule 21.1, "the Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of appeals of the United States, a United States District Court, or United States Court of Claims, when requested by the certifying court, if there is involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court." This is such a case.

In the Joint Status Report, Plaintiff agreed the following issues were amenable to certification, despite it being preferable, in Plaintiff's view, that they be addressed in an expedited fashion in this case without it:  (1) Whether the Coalition for Secular Government's activities are covered by the "press exception" in Colorado Constitution Article XVIII; (2) clarification on the scope of "written or broadcast communication" in Colo. Rev. Stat. § 1-45-103(12)(b)(II)(B) (2012); (3) the uncertain status of the reporting threshold; and (4) clarification of Article XVIII's definition of "expenditure."  Rather than certify these rather broadly-worded statements as question, I ORDER the parties to CONFER and then SUBMIT them in a mutually agreeable, revised form to the Court. The proposed questions should be tailored to specific issues of state law as questions,

rather than declarative statements. I will review the submission and then certify the questions to the Colorado Supreme Court under Rule 21.1. The Joint Submission of Questions for Certification is due on or before September 28, 2012.

A trial/hearing date on the merits of Plaintiff's request for a declaration of law and for preliminary and permanent injunctive relief will be RESET upon receipt of the requested guidance from the Colorado Supreme Court.

Dated: September 20, 2012.

                                              **s/John L. Kane**
                                              SENIOR U.S. DISTRICT JUDGE